### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **RODNEY JAMES PALMER,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-26-CV-1075-KC** |
| | § | |
| **CHARISMA EDGE, Warden,** | § | |
| **Respondent.** | § | |

### <u>MEMORANDUM OPINION AND ORDER</u>

Rodney James Palmer, Federal Prisoner Number 19339-081, claims in a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 that his trial court lacked the power and authority to adjudicate his criminal case. Pet'r's Pet., ECF No. 1-1 at 6.[1] His petition is dismissed.

### BACKGROUND

Palmer is a 60-year-old federal prisoner confined at the La Tuna Federal Correctional Institution in Anthony, Texas, which is within the jurisdiction of this Court. *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 19339-081, last visited Apr. 22, 2026). His projected release date is August 29, 2027. *Id.*

Palmer pled guilty to one count of producing child pornography, in violation of 18 U.S.C. § 2251(a). *United States v. Palmer*, 630 F. App'x 795, 795 (10th Cir. 2015). Prior to his plea, he acknowledged that between August 2009 and September 2012, in the Central Division of the District of Utah, he sexually abused his niece, born in 2003, and photographed the abuse on his cellular telephone. *United States v. Palmer*, 2:12-cr-00663-RJS (D. Utah), Statement by Def., ECF No. 50 at 4. He was sentenced to 210 months' confinement consistent with his Federal Rule

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this matter. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

of Criminal Procedure 11(c)(1)(C) plea agreement. *Palmer*, 630 F. App'x at 795 As part of the agreement, Palmer waived his right to challenge his sentence on direct appeal or collateral review. In exchange for the agreement, he obtained the federal government's promise to dismiss a child pornography possession charge and the state government's promise not to pursue child sex abuse charges. His conviction was affirmed by the Tenth Circuit Court of Appeals. *Id.* at 797.

Palmer filed a timely motion to vacate his sentence under 28 U.S.C § 2255. *Palmer v. United States*, No. 2:16-CV-987, 2017 WL 1533447, at *1 (D. Utah Apr. 27, 2017). He argued that the trial court should vacate his sentence because (1) he received ineffective assistance of counsel, and (2) the trial court lacked jurisdiction because he was a sovereign citizen and not subject to federal law. His motion was denied after the trial court concluded his ineffective assistance claim was barred by the appellate waiver in his plea agreement and his sovereignty claim was frivolous. *Id.* at *3.

Since that time, Palmer has filed several unsuccessful motions seeking relief from his conviction and sentence. *See United States v. Palmer*, No. 23-4012, 2023 WL 3883973, at *1 (10th Cir. June 8, 2023). For example, he argued in a Federal Rule of Civil Procedure 60(b)(4) motion that the trial court lacked jurisdiction over his criminal case, and his conviction was therefore void. He requested a vacatur of his conviction and his immediate release from prison.

The trial court construed Palmer's Rule 60(b)(4) motion as a second or successive § 2255 motion. And because Palmer did not have circuit-court authorization to file a successive motion, the trial court concluded that it lacked the jurisdiction to consider it. The Tenth Circuit subsequently denied Palmer a certificate of appealability.

In his § 2241 petition, Palmer claims that the trial court lacked the authority and power to adjudicate his case. Pet'r's Pet., ECF No. 1-1 at 6. He asks the Court to (1) dismiss his case with

2

prejudice for lack of jurisdiction and proper venue, (2) issue a certificate of actual innocence, (3) order the immediate restoration of all his rights, (4) direct his immediate release from custody, (5) order the restitution and court fees, (6) provide transportation to his release address, (7) return all property and data that is still in the Government's possession, (8) grant him immunity from state and federal prosecution, and (9) provide him with any other relief the Court feels is justifiable. Pet'r's Pet., ECF No. 1-2 at 16–17.

**STANDARD OF REVIEW**

**A. Preliminary Review**

When a court receives a § 2241 petition, it accepts the petitioner's allegations as true during its initial screening. 28 U.S.C. § 2243; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). It also evaluates a petition presented by a *pro se* petitioner under more lenient standard than it applies to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But it must still find "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. Additionally, a court must determine whether the petitioner properly raised a claim in a § 2241 petition. If the court finds "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254 R. 4; *see also* R. 1 ("The district court may apply any or all of these rules to a habeas corpus petition ...").

**B. 28 U.S.C. § 2241**

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or

3

treaties of the United States."[2] 28 U.S.C. § 2241(c). A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

### C. 28 U.S.C. § 2255

By contrast, a motion attacking a federal sentence pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under § 2255 is warranted for errors that occurred at trial or sentencing. *Cox,* 911 F.2d at 1114 (5th Cir. 1990); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997); *Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1131 (5th Cir. 1987). And a § 2255 movant may only bring his motion in the district of conviction and sentence. *Pack*, 218 F.3d at 452.

### D. Savings Clause

As a result, a federal prisoner who wants to challenge his conviction or sentence must generally seek relief under § 2255. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). He may raise his claim in a § 2241 petition only if it falls within the "savings clause" of § 2255(e):

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).

In *Jones v. Hendrix*, 599 U.S. 465 (2023), the Supreme Court noted that § 2255(h) strictly

---

[2] *See Zolicoffer v. U.S. Dep't of Just.*, 315 F.3d 538, 540 (5th Cir. 2003) ("'Usually, 'custody' signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty resulting from a criminal conviction.'") (quoting *Pack*, 218 F.3d at 454 n.5).

limited second or successive § 2255 motions to those which contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made by the Supreme Court, that was previously unavailable.

*Jones*, 599 U.S. at 476 (quoting 28 U.S.C. § 2255(h)). It then explained as to those challenges that fell outside of § 2255(h)—including challenges under § 2255(e)—"[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id*. at 480.

When a § 2241 petitioner cannot satisfy the savings clause requirements, the proper disposition is to dismiss the petition for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003).

## ANALYSIS

Palmer claims the record in his criminal case fails to establish that his alleged crime, producing child pornography, occurred within the jurisdiction of the trial court and it accordingly lacked the authority and power to adjudicate his case. Pet'r's Pet., ECF No. 1-1 at 6. He maintains errors occurred before his trial.

A defendant should seek relief under is warranted for errors that occurred before or during trial under § 2255, not § 2241. *Cox,* 911 F.2d at 1114 (5th Cir. 1990). A defendant may only raise his claim in a § 2241 petition if it falls within the "savings clause" of § 2255(e). And he must (1) provide newly discovered evidence or (2) identify a new rule of constitutional law. *Jones*, 599 U.S. at 476.

Palmer does neither. His inability to satisfy either of these conditions means that he

5

cannot bring his claims in a § 2241 petition at all. *Jones*, 599 U.S. at 480. His petition must be dismissed for lack of jurisdiction. *Christopher*, 342 F.3d at 379, 385.

## CONCLUSION AND ORDERS

The Court concludes it plainly appears from Palmer's petition and attached exhibits that he cannot satisfy either prong of the stringent § 2255(e) savings clause test. Hence, it concludes that he cannot meet his burden of demonstrating the inadequacy or ineffectiveness of § 2255 and he is not entitled to relief under § 2241. The Court accordingly enters the following orders:

**IT IS ORDERED** that that Rodney James Palmer's *pro se* "Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1-1), as supplemented (ECF No. 1-2), is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that, to the extent that Rodney James Palmer's petition may be construed as a second or successive motion under 28 U.S.C. § 2255 submitted without the approval of a circuit court of appeals, he is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED this 23rd day of April, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE